(156 App. Div. 601.)

### PEOPLE v. LYNCH.

(Supreme Court, Appellate Division, First Department. May 16, 1913.)

SUNDAY (§ 7*)—"WORKS OF NECESSITY."

Under Penal Law (Consol. Laws 1909, c. 40) § 2143, prohibiting all labor on Sunday, except "works of necessity" and charity, which include whatever is needful during the day for the good order, health, or comfort of the community, defendant's work in repaving a street in a populous part of the city under a contract with the city not requiring him

---

to work on Sunday, and without having been directed by any city officer to do so, was not a work of necessity; hence his conviction was proper.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 14–20; Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 5, pp. 4728–4737.]

Ingraham, P. J., dissenting.

Appeal from Court of General Sessions, New York County.

Michael H. Lynch was convicted of a violation of the Sunday law. From a judgment affirming the conviction by a city magistrate he appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Francis Gilbert, of New York City, for appellant.
Robert C. Taylor, of New York City, for the People.

SCOTT, J. The statute under which the defendant was convicted provides as follows:

"All labor on Sunday is prohibited, excepting the works of necessity and charity. In works of necessity or charity is included whatever is needful during the day for the good order, health or comfort of the community."

The particular work upon which the defendant was engaged was repaving a street in a populous quarter of the city of New York. He was doing the work under a contract with the city, but his contract did not require him to prosecute the work on Sunday, nor had he been directed so to do by any city official. There are doubtless many cases in which the prosecution of public works on Sunday is needful for the good order, health, or comfort of the community, and therefore permissible under the statute; but this is not in our opinion such a case.

If it had appeared that any city official, charged with the conservation of the good order, health, or comfort of the community, had directed the defendant to proceed with the work on Sunday, we are disposed to think that he would have been absolved from the imputation of a criminal intent if he had complied with the direction. No such justification appears in the present case, and the defendant in pursuing the work acted upon his own responsibility, at the peril of being able to show to the satisfaction of the court that the work was in fact one of necessity. In this he has failed.

The judgment of conviction is affirmed.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur.

INGRAHAM, P. J. I dissent. I think that when a city street has to be repaved, depriving the public of the use of the street and exposing the city to the danger of liability because of the dangerous condition of the street while repaving is being conducted, that it is a work of necessity within the exception specified in section 2143 of the

---

Penal Law. That section prohibits all labor on Sunday "excepting works of necessity and charity," and "in works of necessity and charity is included whatever is needful during the day for the good order, health or comfort of the community." We all know the interference with travel and the discomfort and annoyance of the community which are involved in tearing up the pavement of a city street, and any work that will reduce that discomfort and annoyance to a minimum is distinctly in the public interest, and is, I therefore think, a work of necessity within the meaning of this section of the penal law. The prevailing opinion recognizes that:

"If it had appeared that any city official, charged with the conservation of the good order, health, or comfort of the community, had directed the defendant to proceed with the work on Sunday, * * * that he would have been absolved from the imputation of a criminal intent if he had complied with the direction."

I do not understand that the question of the necessity of work of this kind is to be determined by "any city official." The work of repaving a city street is either prohibited by the statute or it is not. If it is, no direction by "any city official" would override the statute; if it is not, the defendant is not guilty of the offense charged.

I think, therefore, the judgment should be reversed, and the defendant discharged.